IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants

## CLASS ACTION COMPLAINT

Plaintiff Julie Farley ("Plaintiff"), on behalf of herself and similarly situated employees, brings this lawsuit against Defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. (collectively "Defendants"), seeking all available relief under Colorado state law, including the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA"). Plaintiff's legal claim is asserted as a class action pursuant to Federal Rule of Civil Procedure 23.

### JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332(d).

2. Venue is proper under 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff is an individual residing in Fruita, Colorado.

4. Defendant Family Dollar Stores, Inc. is a corporation operating throughout Colorado and, upon information and belief, headquartered in North Carolina.

5. Defendant Family Dollar Stores of Colorado, Inc. is a corporation operating throughout Colorado and, upon information and belief, headquartered in North Carolina.

6. Defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. are referred to collectively as "Defendants."

## FACTS

7. Defendants own and operate over 100 discount retail stores throughout Colorado. These stores are referred to collectively as the "Colorado Stores."

8. One of Defendants' Colorado Stores is located at U.S. Highway 6 and 50, Fruita, Colorado. This store is referred to herein as the "Fruita Store."

9. Within each Colorado Store, Defendant employs at least one individual who is paid a fixed salary and holds the job title of Store Manager.

10. From approximately October 2009 until approximately March 2011, Plaintiff was employed by Defendants as a salaried Store Manager assigned to the Fruita Store.

11. The primary duty of Plaintiff and other Store Managers is *not* the management of their store or any department or subdivision thereof. Rather, the primary duty of Plaintiff and other Store Managers is to perform the same non-managerial tasks that are performed by hourly store employees. These tasks include, for example, cleaning the store, unloading trucks, working the cash register, stocking shelves, assisting customers, and completing basic paperwork. Plaintiff and other Store

Managers spend virtually all of their time performing these types of tasks. They do not "spend a minimum of 50% of the workweek in duties directly related to supervision." *See* Colorado Minimum Wage Order No. 27, 7 CRR 1103-1, at § 5.

12. Plaintiff and other Store Managers regularly work over 40 hours per workweek and often work over 12 hours per workday.

13. Plaintiff and other Store Managers do not receive any compensation for time worked over 40 hours in a workweek or over 12 hours in a workday.

14. By failing to pay Plaintiff and other Store Managers any compensation for hours worked over 40 in a workweek or over 12 hours in a workday, Defendants have acted willfully and with reckless disregard of clearly applicable CWCA mandates and have caused Plaintiff and other Store Managers to suffer millions of dollars of lost earnings which, upon information and belief, exceed $5,000,000.00 in the aggregate.

## **CLASS ALLEGATIONS**

15. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all Store Managers employed at Defendants' Colorado Stores during any time since February 7, 2006. These current and former Store Managers are referred to as the "Class" or the "Class Members."

16. Class certification is proper, and, in fact, other trial courts recently have certified class action lawsuits brought by Defendants' Store Managers employed in other states. For example, in *Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 115389 (S.D.N.Y. Oct. 4, 2011), the United States District Court for the Southern District of New York certified a class action lawsuit in which New York Store Managers allege that they have been denied overtime pay in violation of New York state law. Likewise, in *Walters v. Family Dollar Stores of Missouri, Inc.*, Case No. 1016-CV-11842 (Jackson

Cty. Circuit Court May 10, 2011), the Missouri Circuit Court certified a class action lawsuit in which Missouri Store Managers allege that they have been denied overtime pay in violation of Missouri state law.

17. The Class includes well over 100 persons (all of whom are readily ascertainable based on Defendants' standard business records) and is so numerous that joinder of all Class Members is impracticable.

18. Plaintiff is a Class Member, and her claims are typical of the claims of the Class. Plaintiff has no interests that are antagonistic to or in the conflict with those interests of the Class.

19. Plaintiff will fairly and adequately represent the Class and the interests of all Class Members, and she has retained competent and experienced lawyers who are able to effectively represent the interests of the Class.

20. Questions of law and fact are common to the Class and include, *inter alia*, whether Defendants have misclassified Colorado Store Managers as exempt under Colorado state law

21. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendants' practices.

22. Plaintiff knows of no difficulty that will be encountered in the management of this litigation and would preclude its maintenance as a class action.

## FIRST CLAIM FOR RELIEF
### (Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq.*)

23. Plaintiff incorporates by reference all of the above paragraphs.

24. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the CWCA. At all relevant times, Defendants have employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the CWCA.

25. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiff and all Class members for all unpaid overtime wages.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

27. Plaintiff incorporates by reference all of the above paragraphs.

28. Plaintiff worked for Defendants under a unilateral contract. Implied in that contract was an obligation to pay Plaintiff in accordance with state wage and hour laws. Although Plaintiff complied with all conditions precedent and performed her obligations under the contract, Defendants breached the contract as described herein.

29. As a result, Plaintiff has been damaged in an amount to be determined at trial.

## JURY TRIAL DEMANDED

30. Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of herself and other Class Members:

A. An order permitting this litigation to proceed as a class action pursuant to Federal Rule of Civil Procedure 23;

B. An injunction prohibiting Defendants from engaging in future violations of the CWCA;

C. Unpaid overtime wages to the fullest extent permitted under the law;

D. Liquidated damages and/or statutory penalties to the fullest extent permitted under the law;

E. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

F. Pre-judgment, post-judgment and moratory interest as provided by law; and

G. Such other and further relief as this Court deems just and proper.

Respectfully submitted this 7th day of January, 2012

                        *s/Brian D. Gonzales*

                        Brian D. Gonzales
                        THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
                        123 North College Avenue, Suite 200
                        Fort Collins, Colorado  80524
                        Telephone: (970) 212-4665
                        Facsimile: (303) 539-9812
                        BGonzales@ColoradoTrialLaw.com

                        *Counsel for Plaintiff*