IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cv-00325-RBJ

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 12(b)(6), defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. (collectively, "Family Dollar"), by and through their undersigned counsel, respectfully move this Court to dismiss the portion of plaintiff Julie Farley's complaint that seeks damages and a certification of a class for the period extending more than three years before the filing of the complaint (*i.e.*, before February 7, 2009).

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

Plaintiff alleges she was employed by Family Dollar as a store manager from approximately October 2009 to March 2011. *See* Compl. ¶ 10 (dkt. no. 2). As a store manager, plaintiff was classified as exempt from overtime under state

law and received a weekly salary for all hours worked.  *Id*. ¶¶ 9-10, 13.

On February 7, 2012, plaintiff filed this putative statewide class action, which alleges that Family Dollar's store managers in Colorado are improperly classified as exempt from overtime under state law and are due unpaid overtime wages.  Plaintiff asserts two claims:  (1) violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, based on Family Dollar's alleged failure to pay overtime compensation to store managers whom plaintiff claims are non-exempt employees; and (2) breach of contract, based on an "implied . . . obligation to pay Plaintiff in accordance with state wage and hour laws."  Compl. ¶¶ 23-29.

Plaintiff alleges that her class claims are subject to a six-year limitations' period and defines the proposed class to include "all Store Managers employed at Defendants' Colorado Stores at any time since February 7, 2006."  Compl. ¶15.

However, plaintiff fails to state a claim for the period before February 7, 2009, because both her wage claim under the Colorado Wage Claim Act and her breach of implied contract claim are governed by limitation periods of three years or less.  Thus, the Court should dismiss her individual and class claims for damages for the period prior to February 7, 2009.

II.    LEGAL ANALYSIS

    A.    Standard Of Review

Rule 12(b)(6) permits the Court to dismiss a matter for failure to state a claim upon which relief may be granted. A statute of limitations' bar may be resolved pursuant to Rule 12(b)(6) "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Where a party moves to dismiss a case based upon the expiration of the statute of limitations, the Court must accept all well-pleaded factual allegations in the complaint as true and view them in a light most favorable to plaintiff. *See Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). In the instant action, plaintiff has not, and cannot, allege any facts that would support her claim for relief for the period prior to February 7, 2009.

    B.    The Limitations Period For Plaintiff's Wage Claim Act Is At Most Three Years

Plaintiff's first claim arises under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, which states:

> All actions brought pursuant to this article shall be commenced within two years after the cause of action accrues and not after that time; except that all actions brought for a willful violation of this article shall be commenced within three years after the cause of action accrues and not after that time. C.R.S. § 8-4-122.

Since plaintiff alleges a willful violation of the Wage Claim Act (*see* Compl. ¶ 25), the limitations period extends back, at most, three years prior to the filing of her complaint or February 7, 2009.

    C.    The Limitations Period For Plaintiff's Breach Of Implied Contract Claim Is Three Years

In addition to her Wage Claim Act, plaintiff alleges that she worked for Family Dollar under a "unilateral contract" and "implied in that contract was an obligation to pay Plaintiff in accordance with state wage and hour laws." *See* Compl. ¶ 28. Plaintiff further alleges that Family Dollar breached the "contract" when it allegedly failed to pay her overtime. *Id.* Even if such a contract existed, the statute of limitations that applies to such a claim is three years. *See* C.R.S. § 13-80-101.

    D.    The Six-Year Limitations' Period Applicable To Liquidated Debts Does Not Apply To Plaintiff's Claims

Family Dollar understands that plaintiff seeks to rely on the six-year statute of limitations applicable to "liquidated debts." *See* C.R.S. § 13-80-103.5(1)(a) ("The following action[] shall be commenced within six years after the cause of action accrues and not thereafter:  All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action. . ."). This section is a general statute of limitations on the enforcement of debts,

including debts evidenced by a promissory note secured by a deed of trust. *See Mortgage Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d 1176 (Colo. 2003).

Plaintiff has not asserted a claim to recover a liquidated debt (and indeed has not even specified the amount of damages to which she claims entitlement), nor has she alleged in her complaint that the relief she seeks on behalf of herself and the putative class is "capable of ascertainment by reference to an agreement or by simple computation." *In re Clark*, 91 B.R. 570 (Bankr. D. Colo. 1988). Because plaintiff's breach of contract claim does not fall squarely within the scope of section 13-80-103.5, the six-year limitations period cannot be applied. *See Glenn v. Mitchell*, 71 Colo. 394, 399 (Colo. 1922) ("a statute of limitations should not be applied to cases not clearly within its provisions.") (citations omitted).

A recent decision of the Colorado Court of Appeals fully supports Family Dollar's position. In *Portercare Adventist Health System v. Lego*, the plaintiff-hospital alleged a breach of a contract implied in fact to pay for medical services and care that the hospital had provided to the defendant's wife. *Portercare*, No. 09CA0900, 2010 Colo. App. LEXIS 1354 (Colo. Ct. App. Sept. 16, 2010), *cert. granted* 2011 Colo. LEXIS 274 (Colo. Mar. 28, 2011). The hospital claimed that because the invoice set a specific amount for services provided, the six-year statute of limitations for liquidated debts applied. The Court of Appeals disagreed:

> A sum is not liquidated or determinable merely because a fact finder, armed with information relevant to determining the amount owed, can arrive at a specific amount of damages. After all, such a determination is possible in every contract action in which the amount claimed is not speculative. Rather, a sum is liquidated or determinable within the meaning of section 13-80-103.5(1)(a) only where the agreement sets forth an amount owed or a formula for calculating an amount owed. *Id.* at *9 (citations omitted).

Here, as in *Portercare*, "no provision of any alleged agreement sets forth an amount owed or a formula (or other readily calculable means) for determining the amount owed." *Id.* at *11. In rejecting a six-year limitations period, the Court of Appeals explained that plaintiff's claim of a contract implied in fact—which is what plaintiff alleges in this action—is in fact a claim of *quantum meruit* and is governed by the three-year statute of limitations applicable to normal contract actions. *Id.* at *11-12.

III.  CONCLUSION

For the foregoing reasons, the Court should dismiss the portion of plaintiff's complaint that seeks damages and a plaintiff class for the period prior to February 7, 2009.

Dated this 4th day of June, 2012.

*s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick
Kalisha Salome Chorba
LITTLER MENDELSON, P.C.
A Professional Corporation
1900 Sixteenth Street
Suite 800
Denver, CO  80202
Telephone:  303.629.6200

ATTORNEYS FOR DEFENDANTS
FAMILY DOLLAR STORES, INC.
AND FAMILY DOLLAR STORES
OF COLORADO, INC.

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2012, a true and correct copy of the foregoing DEFENDANTS' MOTION TO DISMISS was filed using the Court's electronic case filing ("ECF") system, which sent notification of the filing to the following. The duly signed original is on file at the office of Littler Mendelson, P.C.

Brian D. Gonzales
The Law Offices of Brian D. Gonzales, PLLC
123 North College Ave., Suite 200
Fort Collins, CO 80524

*s/ Gale S. Antczak*
Gale S. Antczak

Firmwide:112182533.1 053439.1234