IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00325-RBJ

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [Docket #8]

Plaintiff Julie Farley, by and through undersigned counsel, respectfully submits this response in opposition to Defendants Family Dollar Stores, Inc.'s and Family Dollar Stores of Colorado, Inc.'s (collectively, "Family Dollar") *Motion to Dismiss* **[Docket #8]** (the "Motion").

### I. FACTUAL BACKGROUND

Family Dollar operates a nationwide chain of discount retail stores with over one-hundred locations in Colorado. (Compl. at ¶7). While working as a "Store Manager" for Family Dollar, Plaintiff regularly worked long hours with no overtime pay. *Id*. at ¶12. Family Dollar refused Plaintiff overtime pay because it considered her to be an overtime exempt executive. *Id*. at ¶13. Although she ostensibly was a manager, however, Plaintiff spent almost all of her work time performing manual labor (*e.g*., unloading trucks) and other non-managerial tasks. *Id*. at ¶11. Plaintiff contends that Family Dollar used Plaintiff's nominal management role to circumvent

overtime laws and deny her earned compensation in violation of the Colorado Wage Claim Act, C.R.S. §8-4-101, *et seq*. (the "CWCA") and Plaintiff's employment contract.  *Id*. at ¶¶24-29.

## II.  ARGUMENT

A.  **The Six-Year Limitations Period for Breach of Contract**

In Colorado, breach of contract actions are subject to either a three- or six-year statute of limitations.  C.R.S. §13-80-101; C.R.S. §13-80-103.5(1)(a).  The six-year statute applies to contract actions "to recover a liquidated debt or an unliquidated, determinable amount of money due . . . ."  C.R.S. §13-80-103.5(1)(a).  Since Plaintiff seeks a "determinable amount of money due", the six-year statute applies to her claims, even though the three-year limitations period also is applicable.  *Reg. Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995) ("[B]ecause statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable.")

Under C.R.S. §13-80-103.5(1)(a), a "debt is deemed 'liquidated' if the amount is capable of ascertainment by reference to an agreement or by simple computation."  *Rotenberg v. Richards*, 899 P.2d 365, 367 (Colo.App. 1995) (six-year limitations period applied to claim to recover $100/hour for service rendered although parties disputed the number of hours expended); *Fishburn v. City of Colo. Sprgs*, 919 P.2d 847, 850 (Colo.App. 1995) (six-year limitations period applied to claim for backwages owed although defendant might dispute merits of claim or the number of hours for which compensation would be owing); *Interbank Inv., L.L.C. v. Vail Valley Consolidated Water Dist.*, 12 P.3d 1224, 1230 (Colo.App. 2000) (six-year limitation period applied to action to recover "actual costs" when amount of those costs was disputed); *Comfort Homes, Inc. v. Peterson*, 549 P.2d 1087, 1090 (Colo.App. 1976) (six-year limitations period

applied to action to recover a fee of 10 percent of the estimated cost of a house although actual estimated cost was disputed).

Plaintiff alleges – and Family Dollar does not dispute in the Motion – that her employment relationship with Family Dollar gave rise to a unilateral contract, *i.e.*, in exchange for Plaintiff's performance of her job responsibilities, Family Dollar contracted to pay her as agreed. (Am. Comp. at ¶28). Each time Plaintiff worked, she accepted the offer and a contract formed:

> In a unilateral or one-sided contract only one party promises a performance as the exchange for an act other than a promise bargained for and performed by the promisee. The promise conditioned upon performance of the act is not legally binding until that event occurs. If A says to B "I will pay you $100 if you will plow this field," B's act of plowing the field is both performance of the condition to A's promise, or the acceptance of A's offer, and also it is the giving by B of the price or consideration for A's promise.

*Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 n. 1 (Colo. 1987) quoting *L. Simpson, Handbook of the Law of Contracts* §6, p. 9 (1954).

Plaintiff further contends – and Family Dollar does not dispute – that Family Dollar was contractually obligated to pay her in accordance with applicable wage and hour laws, (Compl. at ¶28), including the Colorado overtime law. *See*, *Colorado Minimum Wage Order No.* 28 at §4 (establishing a "time and one-half" premium rate for each overtime hour worked). Plaintiff alleges that, in violation of this contractual obligation, Family Dollar failed to pay her the required premium rate when she worked overtime hours. (Compl. at ¶13).[1]

---

[1] If the Court believes more detailed allegations are necessary to plead her claims, Plaintiff respectfully requests the opportunity to amend her complaint. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (under FED.R.CIV.PROC. 15, an opportunity to amend should be allowed unless it would be futile).

If Plaintiff prevails, her damages will be calculated by multiplying the premium rate (*i.e.,* "time and one-half") by the number of overtime hours she worked. Although, as in *Fishburn*, there might be a dispute as to the merits and/or the actual number of hours worked, Plaintiff's breach of contract claim seeks recovery of a liquidated determinable amount of money due and, therefore, is subject to the six-year limitations period. *Fishburn,* 919 P.2d at 850.

In the case relied on by Family Dollar, *Portercare Adventist Health Sys. v. Lego*, 2010 WL 3584394 (Colo.App. 2010), *cert granted* 2011 WL 1106998 (Colo. 2011), the Court held that the disputed sum at issue (a hospital bill) was not determinable because "no provision of any alleged agreement sets forth an amount owed or a formula (or other readily calculable means) for determining the amount owed." *Id*. at *5. Instead, the amount owed the hospital had to be calculated by determining the "reasonable market value of the services or goods provided." *Id*. at *5. In other words, there was no express contract for payment and the hospital was limited to recovery in *quantum meruit*. *Id*.

Here, in contrast, there was an express unilateral contract between Plaintiff and Family Dollar, the terms of with were evidenced by various written documents[2] such as Plaintiff's pay stubs and the Colorado Minimum Wage Order itself (including workplace posters summarizing its provisions). This contract contains a precise formula for calculating the amount owed Plaintiff – the premium overtime rate multiplied by the number of hours worked. Therefore,

---

[2] It is questionable whether a written document is necessary as long as there is a simple formula for calculating the amount due. *See, e.g., Comfort Homes*, 549 P.2d at 1090 (applying six-year limitations period to an oral contract). Such a requirement does not arise from the statutory language itself or from cases decided before *Portercare*. This appears to be one of the reasons the Colorado Supreme Court granted *certiorari* to review the *Portercare* decision. *Portercare Adventist Health Sys. v. Lego*, 2011 WL 1106998 (Colo. 2011).

particularly at the pleading stage, Plaintiff has set forth a claim for application of the six-year statute of limitations.

**B.     CWCA Claims Accrue On the Date Employment Terminates.**

When an employee's employment terminates, "the wages or compensation for labor or service earned, vested, determinable, and unpaid at the time of such discharge is due and payable immediately." C.R.S. §8-4-109. In other words, when an employee leaves a job, her employer must immediately pay all unpaid compensation for work performed at any time during the employment relationship. If the employer fails to do so, a CWCA claim for this unpaid compensation arises and the employee has two or three years to file suit. C.R.S. §8-4-122 (CWCA claims must be brought within two or three years of the date on which the claim "accrues"); *Farris v. ITT Cannon*, 834 F.Supp. 1260, 1265 (D.Colo. 1993) (interpreting earlier version of C.R.S. §8-4-109 and concluding that an employee's claim under this provision does not arise until the employment relationship terminates, regardless of when the wages were earned).[3] As a result, putative class members whose employment with Family Dollar terminated within three years of the filing date of Plaintiff's complaint, and who worked for Family Dollar for a length of time, may have claims extending back prior to February 7, 2009. Therefore, the Court should not circumscribe the potential limitations period until class members are identified and the applicable limitations period for each is calculated.

---

[3] Although the statute is clear on this point, any ambiguity should be resolved in favor of employee protection. *Fang v. Showa Entetsu Co.,* Ltd., 91 P.3d 419, 421 (Colo.App. 2003) ("The purpose of the CWCA is to ensure that wages are paid in a timely manner and to provide adequate judicial relief in the event wages are not paid. The CWCA should be liberally interpreted to serve its purpose.")

WHEREFORE, Plaintiff respectfully requests the Court to deny Defendants' Motion in its entirety.

RESPECTFULLY SUBMITTED this 9th day of July, 2012.

                                        *s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoTrialLaw.com

Pete Winebrake
THE WINEBRAKE LAW FIRM, LLC
715 Twining Road, Suite 211
Dresher, Pennsylvania  19025
Telephone: (215) 884-2491
Facsimile: (215) 884-2492
PWinebrake@WinebrakeLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 9, 2012, the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** was served electronically on the following:

    Joshua B. Kirkpatrick, Esq.
    Kalisha Salome Chorba, Esq.
    LITTLER MENDELSON, P.C.
    1900 Sixteenth Street, Suite 800
    Denver, Colorado 80202
    JKirkpatrick@Littler.com

                                        *s/Brian D. Gonzales*
_____