IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00325-RBJ-MJW

JULIE FARLEY, on behalf of herself and all similarly situated persons,

Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and
FAMILY DOLLAR STORES OF COLORADO, INC.,

Defendants.

---

**RECOMMENDATION ON**
**DEFENDANTS' MOTION TO DISMISS (Docket No. 8)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 20) issued by Judge R. Brooke Jackson on August 21, 2012.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff Julie Farley asserts the following in her Class Action Complaint (Docket No. 2) which was filed on February 7, 2012. From approximately October 2009 until approximately March 2011, plaintiff was employed by defendants as a salaried store manager at defendants' store located in Fruita, Colorado. Plaintiff's primary duties as a store manager were not related to supervision or management. Rather, plaintiff was tasked with non-managerial tasks, tasks which were also performed by hourly employees. These tasks included cleaning the store, unloading trucks, working the cash register, stocking shelves, assisting customers, and completing basic paperwork.

Plaintiff regularly worked over forty hours per week and often over twelve hours per day. However, as a salaried employee, plaintiff did not receive any additional compensation for the time worked over forty hours per week or twelve hours per day. Further, plaintiff alleges class certification is proper for all store managers employed at defendants' Colorado stores during any time since February 7, 2006.

Plaintiff's Claim One asserts defendants violated the Colorado Wage Claim Act, § 8-4-101, et seq ("CWCA"). Specifically, plaintiff asserts defendants failed to pay wages due under the CWCA.

Plaintiff's Claim Two asserts breach of implied contract against defendants. Specifically, plaintiff asserts defendants breached an implied unilateral contract which had implied terms requiring defendants to pay plaintiff in accordance with state wage and hour laws.

**PENDING MOTION**

Now before the court for a report and recommendation is Defendants' Motion to Dismiss (Docket No. 8). Defendants argue plaintiff's claims are subject to a three-year statute of limitations period, and thus the court should dismiss her individual and class claims for the period prior to February 7, 2009.

The court has carefully considered the Class Action Complaint (Docket No. 2), the motion to dismiss (Docket No. 8), plaintiff's response (Docket No. 12), and defendants' reply (Docket No. 13). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Id. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and

specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

**1. The CWCA Statute of Limitations**

Actions brought pursuant to the CWCA must "be commenced within two years after the cause of action accrues . . . except that all actions brought for willful violation" must be commenced within three years. C.R.S. § 8-4-122. Plaintiff's complaint alleges that defendants willfully violated the CWCA. Accordingly, for the purposes of the motion to dismiss, a three year statute of limitations is applicable to Claim One. The parties do not dispute this contention. However, there is some dispute as to when CWCA claims accrue.

Plaintiff relies exclusively on Farris v. ITT Cannon, 834 F. Supp. 1260 (D. Colo. 1993), for the argument that CWCA claims accrue on the date employment is terminated. Plaintiff contends that when an employee is terminated, an action seeking the total unpaid compensation, calculated over the entirety of the employment term, is considered to be a single cause of action which accrues at that time. In other words, no CWCA claim can accrue until employment ends. In response, defendants point out that Farris involves a prior version of the CWCA. Defendants argue that plaintiff's interpretation finds no support under the current version of the CWCA.

The court agrees with defendants. As explained in Farris, the CWCA, at that time, only applied to employees whose wages were withheld after their employment was terminated. 834 F. Supp. 1260, 1265. The court further explained that the CWCA failed to offer any relief to employees whose wages were withheld while they were still employed. Id. Necessarily, then, "Farris had no alternative but to wait until he left ITT" to bring his wage claim. Id.

This is no longer the case. The CWCA has since been amended to provide employees a remedy for underpayment while they are still employed. See C.R.S. § 8-4-103(1). The CWCA statute of limitations applies to both these types of claims and claims brought after employment ends. See C.R.S. § 8-4-122 (stating "all actions brought pursuant to this article" are governed by the two or three-year statute of limitations). The court's reasoning in Farris is no longer applicable; indeed, such reasoning would essentially confer no meaningful statute of limitations on a cause of action brought while the employee is still employed. See Indus. Claim Appeals Office v. Orth, 965 P.2d 1246, 1254 (Colo. 1998) (stating that courts "should avoid a construction

that renders any . . . provision superfluous or a nullity"). Accordingly, the court finds that plaintiff's individual and class claims brought pursuant to the CWCA are barred for any period prior to February 7, 2009.

**2. The Breach of Contract Statute of Limitations**

The general statute of limitations period for contract actions in Colorado is three years. C.R.S. § 13-80-101(1)(a). However, actions to recover "a liquidated debt or an unliquidated, determinable amount of money" are subject to a six-year statute of limitations. C.R.S. § 13-80-103.5(1)(a).

Plaintiff argues that the six-year statute of limitations is applicable to her breach of contract claim because she is seeking a "liquidated" or "determinable amount of money due." Plaintiff contends the money due is easily determinable by multiplying her overtime hours by "time and one-half." In response, defendants argue that because the parties' contract, and its terms, are implied rather than express, the money due is necessarily not determinable.

Defendants are correct that the three-year statute of limitations applies to implied contracts. Colorado courts have held that because of the nature of a contract implied in fact,[1] such contracts are governed by the three-year statute of limitations under C.R.S. § 13-80-101(1)(a). See Sterenbuch v. Goss, 266 P.3d 428, 437 (Colo. App. 2011); Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP, No. 09CA0788, 2011 WL

---

[1] Colorado courts are not entirely consistent as to their use of the term "contract implied in fact" and related terms such as quantum meruit, unjust enrichment, and quasi-contract. However, the courts are consistent as to their basic understanding of such contracts: they are contracts which are based on the conduct of the parties, and not express terms. See, e.g., Agritrack, Inc. v. DeJohn Housemoving, Inc., 25 P.3d 1187, 1192 (Colo. 2001).

724742, at *2 (Colo. App. Mar. 3, 2011) (cert. granted on other grounds); Rotenberg v. Richards, 899 P.2d 365, 368 (Colo. App. 1995).[2] Accordingly, the court finds that plaintiff's individual and class claims brought pursuant to the breach of the parties' implied contract are barred for any period prior to February 7, 2009.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendants' Motion to Dismiss (Docket No. 8) be **GRANTED** and that plaintiff's individual and class claims be barred for any period prior to February 7, 2009.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

---

[2] The court notes that the Colorado Supreme Court has recently granted certiorari on this very issue. See Portercare Adventist Health Sys. v. Lego, No. 09CA0900, 2010 WL 3584394 (Colo. App. Sept. 16, 2010) (cert. granted Mar. 24, 2011). As this court cannot predict the outcome of Portercare, it must rely on case law as it exists today. The court's determination is consistent with the above cited cases and the Colorado Court of Appeal's decision in Portercare.

**Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: October 3, 2012
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge