IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00325-RBJ-MJW

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC., and
FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants.

## ORDER

    This case comes before the Court on defendants' motion to dismiss [docket #8]. This matter was referred to Magistrate Judge Watanabe who issued a Recommendation on October 3, 2012 [#24] and the plaintiff timely objected.

**Facts**

    Plaintiff Julie Farley was a salaried manager at a Family Dollar Store in Fruita, Colorado from October 2009 until March 2011. Ms. Farley alleges that during that time her primary duties as a store manager were non-managerial tasks that were also performed by hourly employees including cleaning the store, unloading trucks, working the cash register, assisting customers and completing basic paperwork. However, as a salaried manager, Ms. Farley did not receive overtime pay when she worked more than twelve hours per day or forty hours per week. Ms. Farley alleges that this violated the Colorado Wage Claim Act, § 8-4-101, et seq ("CWCA") and was also a breach of an implied unilateral contract between her and the defendants that required the defendants to pay her in accordance with state wage and hour laws.

Ms. Farley now seeks to bring a class action suit on behalf of all store managers employed at defendants' Colorado stores since February 7, 2007. Defendants filed a motion to dismiss all of the claims for the period prior to February 7, 2009 because the plaintiff's claims are subject to a three year statute of limitations period. Magistrate Judge Watanabe agreed and granted defendants' motion to dismiss. Ms. Farley filed a timely objection.

**Standard**

Following the issuance of a magistrate judge's recommendation on a dispositive matter the district court judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the matter to the magistrate with instructions." *Id.*

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

**Conclusions**

<u>CWCA Claim</u>

The CWCA has a two year statute of limitations for all actions unless the violation was willful, and then the limitations period is extended to three years. C.R.S. § 8-4-122. The two

year or three year period begins after the cause of action accrues. Ms. Farley relies on *Farris v. ITT Cannon,* 834 F. Supp. 1260 (D. Colo. 1993) to support her assertion that a claim cannot accrue until employment ends. However, defendants argue that the cause of action accrues at the time of the violation. Magistrate Judge Watanabe determined that under the CWCA a cause of action accrues at the time of the violation. This Court agrees.

"A cause of action generally accrues 'when a suit may be maintained thereon.'" *Hannon Law Firm, LLC v. Melat, Pressman & Higbie, LLP,* No. 009CA0788, 2011 WL 724742 (Colo. App. March 3, 2011) aff'd *Melat, Pressman & Higbie, L.L.P. v. Hannon Law Firm, L.L.C.,* 287 P.3d 842 (Colo. 2012). In *Farris,* the court held that the plaintiff's claims under the CWCA were not barred by the statute of limitations because the limitations period did not begin to run until the plaintiff's employment was terminated. The court explained that the CWCA "clearly and unambiguously provides that it only applies to employees whose wages are withheld after their employment terminates. . . . Consequently, [plaintiff] had no alternative but to wait until he left ITT in February, 1992 before bringing his § 8–4–104 wage claim." 834 F. Supp. at 1265.

The court's analysis in *Farris* is no longer instructive. The CWCA has been amended, allowing employees to bring suits against their employers for unpaid wages before the employment relationship ends. *See* C.R.S. § 8-4-103(1); *see also Summers v. Texas de Brazil (Denver) Corp.,* No. 09CV3147, 2011 WL 1832334 (D. Colo. May 11, 2011); *Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 706 (Colo. 2009). Thus, unlike in *Farris,* the managers at Family Dollar Stores could have brought suit immediately to collect any unpaid wages. They did not need to wait until their employment terminated. Therefore, the cause of action against the Family Dollar Stores accrued at the time any wages were withheld, and a lawsuit must have been

filed within three years of that time. Defendants' motion to dismiss all claims under the CWCA from the period prior to February 7, 2009 is granted.

### Implied Contract Claim

The defendants also argue that Ms. Farley's contract claim from the period prior to February 7, 2009 must be dismissed because it is outside of the statue of limitations period for contract actions. Under Colorado law the statute of limitations period for a contract action is three years. C.R.S. § 13-80-101(1)(a). However, contract actions to collect "a liquidated debt or an unliquidated, determinable amount of money" are subject to an extended six year statute of limitations. C.R.S. §13-80-103.5(1)(a). The plaintiff argues that the longer six year period applies to this suit because the damages were either liquidated or a determinable amount of money.

In his opinion Magistrate Judge Watanabe explained that actions brought under implied contracts — meaning contracts based on conduct rather than express terms — were not subject to the longer statute of limitations period. As Magistrate Judge Watanabe acknowledged, the Colorado Supreme Court granted certiorari on this issue, but Judge Watanabe's recommendation was filed before the Court's decision. The supreme court issued a ruling this fall. Thus, in reviewing Judge Watanabe's recommendation, this Court has the benefit of the Colorado Supreme Court's opinion on this issue in *Portercare Adventist Health Sys. v. Lego*, 286 P.3d 525 (Colo. 2012).

In *Portercare,* the court held that the six year statute of limitations applies to implied in fact contracts for liquidated medical expenses. *Id.* at 526. The court explained that "a contract for hospital services contains a 'liquidated debt' for the purposes of section 13-80-103.5(1)(a) if the amount owed is ascertainable either by reference to the agreement, or by simple computation

using extrinsic evidence if necessary." *Id.*  Under Colorado law hospitals must disclose to patients average facility charges before providing medical care. *Id.* at 529.  Thus, before the hospital treated the defendant, it provided her with an itemized list of costs.  The court held that "[b]ecause these charges are pre-calculated by operation of law, a hospital bill is capable of ascertainment by simple computation by adding pre-determined medical costs together to arrive at a total amount due." *Id.*

Under *Portercare,* it is not dispositive that the alleged contract between Ms. Farley and the defendants was an implied contract.  Rather, to determine the appropriate statute of limitations period, the inquiry is whether "the amount owed is ascertainable either by reference to the agreement, or by simple computation using extrinsic evidence." *See id.* at 526.  Ms. Farley argues that the amount is ascertainable by simple computation by multiplying her overtime hours by "time and one-half."  However, the defendants cite to *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008) to support their argument that if any compensation is due, only "half time" pay would be due.

*Clements* explains that there are different ways to calculate wages and overtime due to an employee. *Id.*  The "fluctuating work week method" is used when "there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours of some other fixed weekly work period." *Id.* at 1230 (quoting 29 C.F.R. § 778.114(a)). In these situations, instead of one and one-half times hourly wages, the rate an employee is due for overtime is reduced to "half time." *Id.*

Unlike in *Porterhouse* where the hospital bill could be easily ascertained because an itemized bill had been given to the patient before treatment was provided, in this case the

damages cannot be easily computed. Rather, there is a dispute as to the mutual understanding of the parties and thus what overtime compensation, if any, the plaintiff is owed. Accordingly, the damages are not liquidated or easily ascertainable and the applicable statute of limitations period is three years. All claims from the period prior to February 7, 2009 are dismissed.

**Order**

Accordingly, it is ORDERED that the Recommendation of the United States Magistrate Judge [#24] AFFIRMED and ADOPTED. It is further ORDERED that defendant's Motion to Dismiss [#8] is GRANTED.

DATED this 11th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge