IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 12-cv-00325-RBJ-MJW

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the Unopposed Motion for Protective Order filed by Defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. (collectively "Family Dollar"), and upon this Court's finding that good cause exists for the issuance of a Stipulated Protective Order, IT IS ORDERED as follows:

    1.    This Order shall govern all documents and electronically stored information ("ESI") produced by the parties in this action, which are more particularly described or identified herein. Furthermore, this Order shall govern all information derived from such documents and ESI and all copies, excerpts, or summaries thereof.

**Personal Private Information**

  2. The following types of information and documents are deemed "Personal Private Information" (or "PPI") and are subject to protection from disclosure as described herein:

    a. Any documents and/or ESI, whether from personnel or employment files, or otherwise, of any applicants, employees or former employees of Family Dollar, that identify any applicant, current or former employee by name and/or social security number, including employee dependents and family members, and from which any of the following information can be derived or ascertained: the person's social security number, compensation (including bonus, salary or incentive pay), personal financial information (including personal bank account or other financial institution information or numbers), medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment), arrests or criminal convictions, or credit history;

    b. Any documents and/or ESI, whether from personnel or employment files, or otherwise, that contain or refer or pertain to, the addresses, telephone numbers, wages and salaries, job performance, job

duties, and/or other personal information of any applicants, employees or former employees of Family Dollar.

3. The parties may use PPI in affidavits, briefs, memoranda of law, oral argument, or other papers filed with this Court in this litigation <u>only if</u> the party making such disclosure redacts the following information: financial account numbers; individual financial information; social security numbers (showing only last four digits); personal identifying numbers such as driver's license numbers; dates of birth (showing only the year), home addresses (showing only city and state); medical records, treatment and diagnoses; employment history other than with Family Dollar; arrests or criminal convictions; and credit history. The parties acknowledge and agree that the provisions contained herein regarding the treatment of PPI are compliant in all respects with Fed. R. Civ. P. 5.2 but that the protections contained in this agreement are in addition to the requirements of that rule.

4. If documents or ESI containing PPI cannot be redacted in a manner that renders them meaningful and useful in this litigation, then they can be filed or used in unredacted form <u>only</u> in the same manner as "Confidential Information" described in paragraphs 7(a)-(d) of this Order.

**Confidential Information**

5. The following types of information and documents are deemed confidential ("Confidential Information") in this matter:

a. Any documents and/or ESI, whether from personnel or employment files, or otherwise, of any applicants, employees or former employees of Family Dollar, that identify any applicant, current or former employee by name and/or social security number, including employee dependents and family members, and from which any of the following information can be derived or ascertained: the person's social security number, compensation (including bonus, salary or incentive pay), personal financial information (including personal bank account or other financial institution information or numbers), medical history or conditions or treatment (including psychotherapy or other counseling, and substance abuse or substance abuse treatment), arrests or criminal convictions, or credit history;

b. Any documents and/or ESI, whether from personnel or employment files, or otherwise, that contain or refer or pertain to, the addresses, telephone numbers, wages and salaries, job performance, job duties, and/or other personal information of any applicants, employees or former employees of Family Dollar;

   c. Any Family Dollar documents or ESI containing, or referring or pertaining to, any proprietary or confidential information within Family Dollar's industry or business, such as, but not limited to, business strategies and plans, policies or procedures, budgets, financial information or statements not available to the general public, internal audits such as, but not limited to the Radzely Report, client lists, tables, schedules, economic forecasts, or training information or study books or aids, or any other practices, guidelines and/or similar material used by Family Dollar relating to same;

   d. Any Family Dollar documents or ESI containing, or referring or pertaining to, information relating to any of its customers, suppliers or vendors;

   e. Any Family Dollar documents, ESI or non-public reports regarding productivity, costs, business methods, store profit and loss statements and related company records of individual store revenue performance, or customer satisfaction;

   f. Any other documents or ESI which a party believes in good faith, as being "confidential" or "proprietary."

6. Any information marked as Confidential shall be treated as provided below.

a. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within forty-five (45) days after notice by the court reporter of the completion of the transcript. All transcripts shall be treated as Confidential until the forty-five day designation period has passed.

b. If a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this Court in this litigation, it must file the documents containing such Confidential Information under seal in accordance with D.C.COLO.LCivR. 7.2.

c. Except as otherwise directed by this Court, Confidential Information produced by the parties and protected by this Order shall be

revealed only to: (i) in-house counsel for the parties, (ii) counsel of record (including law firm employees) for the parties in this action, (iii) their experts or consultants, and (iv) the Court and Court personnel for any purpose the Court finds necessary.

        d.      With the exception of persons identified in subparts (i) through (iv) of paragraph 7(c) no person entitled to access protected Confidential Information under this Order shall be provided with the protected documents, ESI or other Confidential Information unless such individual has: (i) read the Order of this Court, and (ii) completed and signed the affidavit attached hereto as Exhibit A. No person entitled to access to Confidential Information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein. If counsel wishes to share Confidential Information with anyone else other than persons identified in subparts (i) through (iv) of paragraph 7(c), counsel must seek approval from the producing party to do so. Nothing in this Order shall restrict or limit Plaintiffs' counsel's ability to advise or inform Plaintiffs about general trends, averages or patterns which they have identified in the protected information or documents; however, counsel may not disclose to

the Plaintiffs, directly or indirectly, any specific information or data related to any particular individual(s) other than the Plaintiffs.

**Provisions Pertaining To All Protected Material**

7. PPI and Confidential Information shall be collectively referred to herein as "Protected Material."

8. Any documents or ESI described above shall be identified as PPI or Confidential Information by clearly stamping or marking the document or ESI (including any interrogatory answer or transcript) with "PERSONAL PRIVATE INFORMATION" or "CONFIDENTIAL" at the time of production by stamp, marking, or reference to Bates number(s) of the documents or physical medium by which the information is transmitted.

9. A party producing Protected Material in an electronically-stored format shall stamp the physical medium by which the information is transmitted (e.g. computer tape, computer disk, CD Rom, etc.) as "CONFIDENTIAL" and/or "PERSONAL PRIVATE INFORMATION." If the party to whom such electronically stored information is produced shall create any readable report or output from such confidential data, that party shall prominently label each page of such output report "CONFIDENTIAL" and/or "PERSONAL PRIVATE INFORMATION."

10. In the event that a party inadvertently fails to designate a document or ESI as Protected Material at the time of production, the party may so designate it/them after-the-fact, thereby protecting the material pursuant to this Order. The inadvertent or unintentional disclosure of any Protected Material shall not be construed to be a waiver, in whole or part, of any party's claim of privacy or confidentiality, either as to the specific information disclosed or as to other related information.

11. A non-party witness may designate documents or ESI produced in response to a subpoena or written discovery request as Protected Material, by following the procedures outlined in paragraphs 9 and 10 above.

12. This Order is limited to the context of pretrial discovery. Nothing in this Order shall be read to restrict or promote any limitations which may be placed on the use of Protected Material at trial. If this case goes to trial, the parties agree to cooperate in terms of protecting Protected Material.

13. Protected Material produced to any party or to others pursuant to the terms of this Order shall be used for the sole and limited purpose of prosecuting or defending this lawsuit, which includes all matters before this Court, including without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation.

14. Within thirty (30) days of the conclusion of the litigation, all Protected Material, and all documents, ESI and materials containing such Protected Material, including any and all copies, physical medium by which ESI was transmitted, and readable reports or output from the physical medium by which ESI was transmitted, shall be returned to the producing party. In the alternative, within thirty (30) days of the conclusion of the litigation, counsel for each party shall notify counsel for the opposing parties, in writing, that any and all such Protected Material, documents, ESI, the physical medium by which ESI was transmitted, and other material, including copies of such documents, ESI and material, and readable reports or output from the physical medium by which ESI was transmitted, produced by the opposing parties, has been destroyed. All copies, summaries and abstracts of such Protected Material, however maintained, shall be kept completely confidential for the duration of the litigation and at the conclusion of the litigation, shall be returned or destroyed pursuant to the terms of this paragraph.  If Protected Material is furnished to a testifying or consulting expert, the attorney for the party using such expert shall have the responsibility of ensuring that all such Protected Material, including copies of such documents, ESI, readable reports or output from the physical

medium by which ESI was transmitted, abstracts or summaries thereof is returned to the producing party or destroyed.

15. Following termination of this litigation, the provisions of this Order relating to Protected Material shall continue to be binding, except with respect to documents or information that are no longer confidential. This Court retains jurisdiction over all persons provided access to Protected Material for enforcement of the provisions of this Order following termination of this action and the final conclusion of this action.

16. Any party in receipt of a subpoena, official agency request for information or other legal process seeking documents, ESI or other information designated as Protected Material by another party or entity hereunder, shall first notify the other party or entity which designated the information, in writing, of its intention to comply with that subpoena, agency request or legal process and shall give the designating party or entity sufficient notice to enable that party or entity to seek a protective order or otherwise take action to prevent disclosure. A party intending disclosure pursuant to a subpoena, agency request for information or other legal process shall not disclose the information sought until the objecting party or entity has unsuccessfully exhausted all available legal or administrative procedures for resisting such disclosure, unless ordered by a court

to do so; provided, however, that if the objecting party or entity does not act to protect its interests in accordance with applicable procedural rules, including rules governing the time within action must be taken, the other party shall be entitled to disclose.

17. If any party elects to challenge the designation as to any Protected Material pursuant to this Order, that party shall, in writing, notify the party to which the challenged document, ESI or information belongs or by whom the challenged document, ESI or information was produced of its challenge within fifteen (15) days of the receipt of the so designated document, ESI or information. The producing party shall, within five (5) days of receipt of such written challenge, be obligated to set forth the basis and grounds upon which such designation was made, and the parties shall promptly confer in a good faith effort to resolve any further disagreement before requesting intervention of the Court. If a party, after such efforts, which shall be pursued for at least ten (10) days unless exigent circumstances make such pursuit of efforts impractical or prejudicial, continues to object to the designation of any document, testimony, information or material as Protected Material and so notifies the designating party in writing, the designating party may, by motion filed within ten (10) days after receipt of notice in writing from the disputing party, apply to the Court for

a ruling that the document, testimony, information or material shall be treated as PPI or Confidential as stamped. The burden of establishing the private or confidential nature of the document or ESI, once challenged by the above procedure, is upon the party designating it as such. All documents, ESI, testimony or other materials designated by the party as PPI or Confidential, however, shall be treated as PPI or as Confidential under this Order until such time as the parties' contentions regarding the private or confidential nature of documents so designated are fully and finally adjudicated, including any appeal(s). If the designating party does not bring such a motion within ten (10) days of the date of receipt of the notice that an objection has not been resolved, the challenged document, ESI, testimony, information or material need no longer be treated as PPI or as Confidential as provided for in this Order.

18. No provisions of this Order shall be deemed to preclude any party from challenging the validity of the confidentiality of any Confidential Information or materials or documents or ESI so designated.

19. No provisions of this Order shall be deemed to prohibit a party from disclosing its own Protected Material. However, intentionally doing so removes all protection provided under this Order.

20. Violation by any person of any provision of this Order may be punishable as contempt of Court. Further, the parties may pursue any and all civil remedies available to it for breach of the terms of this Order.

21. This Order may be modified by the Court at any time for good cause shown, following notice to all parties, and an opportunity for them to be heard.

ORDERED this 27th day of February, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Court Judge

AGREED AND APPROVED:

| | |
|---|---|
| *s/ Brian D. Gonzales* | *s/ Joshua B. Kirkpatrick* |
| Brian D. Gonzales | Joshua B. Kirkpatrick |
| The Law Offices | Kalisha Salome Chorba |
| of Brian D. Gonzales, PLLC | LITTLER MENDELSON, P.C. |
| 123 North College Ave., Suite 200 | 1900 Sixteenth Street |
| Fort Collins, CO 80524 | Suite 800 |
| | Denver, CO  80202 |
| | Telephone:  303.629.6200 |
| *s/Peter Winebrake* | |
| Peter Winebrake | |
| Winebrake & Santillo, LLC | *s/ John A. Ybarra* |
| 715 Twining Road, Suite 211 | LITTLER MENDELSON, P.C. |
| Dresher, PA 19025 | 321 North Clark Street |
| | Suite 1000 |
| ATTORNEYS FOR PLAINTIFF | Chicago, IL 60654 |
| | Telephone:  312.795.3207 |
| | |
| | *s/ William F. Allen* |
| | LITTLER MENDELSON, P.C. |
| | 1150 17th Street NW |
| | Suite 900 |
| | Washington, D.C.  20036 |
| | Telephone:  202.842.3400 |
| | |
| | ATTORNEYS FOR DEFENDANTS FAMILY DOLLAR STORES, INC. AND FAMILY DOLLAR STORES OF COLORADO, INC. |

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  12-cv-00325-RBJ-MJW

JULIE FARLEY, on behalf of herself and all similarly situated persons,

      Plaintiff,

v.

FAMILY DOLLAR STORES, INC. and FAMILY DOLLAR STORES OF COLORADO, INC.,

      Defendants.

## WRITTEN ASSURANCE FOR INFORMATION RECIPIENT

I, _____, hereby declare as follows:

1. I am a representative designated by _____, a party to this action, pursuant to the Stipulated Protective Order ("Order") of this Court entered in this case on _____, 2013.

2. A copy of the Order has been delivered to and has been carefully reviewed by me.

3. I fully agree to abide by the obligations and conditions set forth in the Order including, but not limited to, the condition that I will not disclose any Confidential Information, as defined in the Order, to which I have been given access other than pursuant to the Order.  I further will not use any Confidential Information for any purpose other than the purpose of this litigation.

  4. I further subject myself to the continuing jurisdiction of the United States District Court for the District of Colorado for the purpose of proceedings relating to my performance under, compliance with, or violation of said Order.

  I, _____, (signature) hereby declare under penalty of perjury that the foregoing is true and correct.

  DATED this \_\_\_\_ day of _____, 2013.