UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FILED
United States Court of Appeals
Tenth Circuit

April 25, 2013

Elisabeth A. Shumaker
Clerk of Court

FAMILY DOLLAR STORES INC.;
FAMILIY DOLLAR STORES OF
COLORADO, INC.,

    Petitioners,

v.

JULIE FARLEY, on behalf of herself and
all similarly situated persons,

    Respondent.

No. 13-704
(D.C. No. 1:12-CV-00325-RBJ-MJW)

**ORDER**

Before **BRISCOE**, Chief Judge, **LUCERO**, and **HARTZ**, Circuit Judges.

    Defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. (Family Dollar) have filed a petition for permission to appeal the district court's oral ruling granting class certification, pursuant to Fed. R. Civ. P. 23(f) and Fed. R. App. P. 5. Plaintiff Julie Farley has filed a response and Family Dollar has filed a motion for leave to file a reply in support of its petition, along with a proposed reply.

    The decision whether to grant a Rule 23(f) petition is purely discretionary. *See* Fed. R. Civ. P. 23(f); *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (noting that the court's discretion is "unfettered and akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari" (internal quotations omitted)).

We are ever mindful that "interlocutory appeals are traditionally disfavored." *Vallario*, 554 F.3d at 1262. As a result, "the grant of a petition for interlocutory review constitutes the exception rather than the rule." *Id.* We exercise restraint and "will not accept such petitions as a matter of course." *Id.*

This court has previously identified three general categories of cases where interlocutory review of a district court's certification order is appropriate: (1) "death knell cases" (where the court's certification order sounds the death knell for the plaintiff's claims or makes settlement the only prudent course for the defendant); (2) cases raising unresolved issues of class action law that might evade end-of-case review; and (3) instances of manifest error by the district court. *Id.* at 1263.

A party seeking class certification must satisfy the requirements of Fed. R. Civ. P. 23(a) and (b). In making a class certification ruling, a district court must conduct a rigorous analysis to ensure that all of Rule 23's requirements are met. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Vallario*, 554 F.3d at 1265. Family Dollar petitions for interlocutory review principally on the ground that the district court's ruling was manifestly erroneous under *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), arguing that the district court failed to address how evidence common to the proposed class established that the commonality and predominance requirements of Rule 23(a)(2) and (b)(3) were satisfied as required by that case.

Upon careful consideration of the petition, response, and proposed reply, the materials filed with the court, and the applicable law, we conclude that the district court's class certification ruling is not appropriate for interlocutory review. We find the district

court's oral ruling sparse and note that the lack of a written order, with the legal citation and thorough analysis such usually engenders, inhibits our ability to assess the propriety of the district court's decision. In the future, we urge the district court to articulate in writing an in-depth analysis as to each of Rule 23's requirements. Nevertheless, we cannot say that the district court's class certification decision in this case presents any of the concerns previously identified by this court as meriting interlocutory review. *See Vallario*, 554 F.3d at 1264 (noting that, "[i]n most instances, a manifest error will be one of law, rather than an incorrect application of the law to a given set of facts"). Moreover, we are cognizant that the district court may amend its certification order or decertify the class altogether at any point prior to final judgment if it determines that its predictions regarding satisfaction of the requirements of Rule 23 were inaccurate. *See* Fed. R. Civ. P. (c)(1)(C).

Accordingly, the petition is denied. Family Dollar's motion for leave to file a reply is granted.

                                          Entered for the Court
                                          ELISABETH A. SHUMAKER, Clerk

                                          by: Jane K. Castro
                                              Counsel to the Clerk