Exhibit 1

## SETTLEMENT AGREEMENT

Plaintiff Julie Farley on behalf of herself and the "Settlement Class" as this term is defined in paragraph II.A. and defendants Family Dollar Stores, Inc. and Family Dollar Stores of Colorado, Inc. (together "Family Dollar"), through their respective counsel, hereby enter into this settlement agreement ("Agreement") to resolve all claims asserted by plaintiff individually and on behalf of all Settlement Class members against Family Dollar in the action referred to below in paragraph I.A.

I.    RECITALS

A.    On February 7, 2012, plaintiff filed *Farley v. Family Dollar Stores, Inc.* and *Family Dollar Stores of Colorado, Inc.*, No. 12-CV-00325-RM-MJW, alleging that Family Dollar has misclassified current and former Colorado store managers as exempt from state law overtime requirements under the Colorado Minimum Wage Order's (the "Wage Order") "executive/supervisor" exemption. *See* 7 CCR 1103-1:5(b) (2014).

B.    On March 21, 2013, pursuant to Federal Rule of Civil Procedure 23, the Court certified a class of all persons who worked as salaried store managers in Family Dollar stores in Colorado at any time since February 7, 2009 and appointed Winebrake and Santillo, LLC and Brian D. Gonzales, PLLC as Class Counsel.

II.    DEFINITION OF SETTLEMENT CLASS

A.    The "Settlement Class" includes all persons who worked in Family Dollar's Colorado stores as salaried store managers at any time from February 7, 2009 through the date that the Court enters an order preliminarily approving this Agreement.[1]

B.    Plaintiff Farley is the sole class representative for purposes of this settlement.

C.    Nothing herein will be considered an admission or acknowledgment by the parties that any class is either proper or improper in this action, except for purposes of settlement. Neither the Agreement nor approval by the Court of the

---

[1] The Settlement Class does not include two individuals (Dalen Savage and Max J. Duran) who previously excluded themselves from the class.

1

Agreement will be admissible in any other proceeding regarding the propriety of class action treatment.

     D.    If this Agreement is not finally approved or fails to be enforceable, the parties will not be deemed to have waived their claims, positions, or defenses, including their positions on whether this action is appropriate for class treatment.

III.    <u>COMPROMISE ACKNOWLEDGMENT</u>

     A.    The parties and their respective counsel agree that this Agreement is entered into solely on the basis of a compromise of disputed claims and that the Agreement is not, and is not to be construed as, an admission by Family Dollar of any liability or violation of any federal, state, local, or common law, or of any statute, ordinance, regulations, or order. Nor is the Agreement to be construed as an admission by plaintiff and his counsel that any of the defenses asserted in this litigation by Family Dollar are meritorious.

     B.    The parties have conducted extensive discovery and investigation of the claims and defenses during this litigation, including taking depositions of plaintiff, certain other Settlement Class members, and company representatives, the exchanging extensive written discovery, analyzing timekeeping and payroll data, and interviewing numerous current and former Family Dollar employees. The parties have analyzed the facts and relevant law, fully briefed a summary judgment motion against plaintiff, fully briefed the class certification issue, and briefed a petition for permission to appeal the class ruling under Rule 23(f).

     C.    Plaintiff believes that the claims asserted have merit. However, she recognizes the significant cost to prosecute the litigation against Family Dollar through trial and possible appeals and the uncertain outcome and risk of loss in any litigation, especially in a complex action such as this, and the problems and delays inherent in such complex litigation. In addition, plaintiff recognizes the potential problems of proof and possible defenses to the asserted claims.

     D.    Relying on their fact investigations, analyses, and the Court's prior rulings, the parties engaged in arm's length settlement negotiations, which were conducted with the assistance of Mark Rudy, an experienced complex wage and hour litigation mediator.

E.     Plaintiff believes that this Agreement confers substantial benefits on class members and that it is fair, reasonable, adequate, and in the best interest of herself and the Settlement Class.

F.     Class Counsel have independently determined that the terms of this Agreement are fair, reasonable, adequate, and in the best interests of the defined Settlement Class, and that settlement and dismissal of this action with prejudice are proper under the circumstances of this action.

G.     Family Dollar believes the claims asserted by plaintiff on behalf of herself and the Settlement Class are without merit and denies all the claims and charges alleged by plaintiff including any alleged violations arising from any of the acts, omissions, facts, transactions, or occurrences alleged or that could have been alleged in this action.

H.     Family Dollar denies this action is proper for class treatment, except for settlement purposes, because of intractable management problems that would have been associated with a class trial and the individualized inquiry required to resolve the claim of each Settlement Class member.

I.     Family Dollar has contested the asserted claims, but has determined that further defense of this action would be protracted, expensive, and contrary to its best interests and that it is desirable that the action be completely and finally settled upon the terms and conditions set forth herein.  In addition, Family Dollar has taken into account the uncertainty and risks inherent in litigation, particularly in a complex action like this.

J.     Nothing in the Agreement or any action taken to implement it or any statements, discussions, communications, or materials prepared or used during the course of settlement negotiations will be used or considered evidence in any other proceeding involving an alleged violation of any federal, state, local law, duty, or obligation.  Nonetheless, this Agreement may be used in a proceeding involving the interpretation or enforcement of the Agreement.

IV.     TERMS OF THE SETTLEMENT AGREEMENT

A.     Effective Date:  The "Effective Date" is defined herein as the date after the Court enters an order granting final approval of the settlement and (1) the time for filing an appeal from the final approval order has expired without the filing of a notice of appeal or (2) if a timely appeal has been filed, the final

3

resolution of that appeal (including any requests for rehearing or a petition for certiorari) is achieved, resulting in the final judicial approval of the Agreement or withdrawal of such appeal.

B.   Appointment Of Settlement Administrator

1.     The parties will retain Class Action Administrators, Inc. as the settlement administrator to:  (a) provide notice of the settlement to the Settlement Class; (b) administer any opt-out requests and objections to the settlement; (c) set up and administer a qualified settlement fund to disburse all settlement payments; (d) calculate settlement amounts for each Settlement Class member; (e) calculate and make all payroll tax and other withholdings; (f) distribute settlement checks; (g) address any questions from members of the Settlement Class; (h) prepare and mail all necessary W-2 and 1099 IRS forms; and (i) perform any other duties that are necessary to effectuate the Agreement.

2.     The parties will cooperate to resolve any issues identified by the settlement administrator.  Each party will designate a counsel to serve as the primary contact for the settlement administrator.

C.   Preliminary Approval And Notice To Class Members

1.     The parties agree to file a joint motion requesting preliminary approval of the settlement and proposed order granting such approval by July 1, 2014.

2.     Within 10 business days after entry of an order preliminarily approving the settlement, Family Dollar will send the settlement administrator the final list of Settlement Class members agreed to by the parties.  The final list will include for each member of the Settlement Class their name, last known address, and social security number.  Class Counsel may provide address information to the settlement administrator; however, providing such information will not affect the deadlines provided in this Agreement.

3.     The settlement administrator will mail via first class U.S. mail a notice of preliminary approval to each member of the Settlement Class within 25 business days after the date an order preliminarily approving the settlement is entered.  Such proposed notice is attached to the Agreement as Exhibit A.

4

4.     The settlement administrator alone is responsible for mailing the notices of preliminary approval to Settlement Class members.

5.     The notice of preliminary approval will explain that members of the Settlement Class may opt-out of the settlement in accordance with Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(4).  Opt out requests must be sent to the settlement administrator within 45 days of the initial mailing of the notice. The settlement administrator will provide copies of opt-out requests to all counsel, and Class Counsel will promptly file any opt-out requests with the Court.  Neither the parties nor their counsel will make any effort to solicit or otherwise persuade Settlement Class members to participate in, opt out of, or object to the settlement. But nothing herein prevents Class Counsel from discussing with Settlement Class members who may initiate contact with Class Counsel whether to participate in or opt-out of the settlement.  Nor will anything in this paragraph prevent discussions between plaintiff and Class Counsel.

6.     The notice of preliminary approval will inform the Settlement Class members that all objections to the settlement must be submitted to the Court and served upon all counsel of record no later than 45 days after the initial mailing of notice of preliminary approval.  Such objections must state the basis and, if the objector intends to appear at the final approval hearing, he or she must state such fact and the purpose of the appearance.  The parties will be permitted to respond to objections within the period set by the Court in its order granting preliminary approval.  Settlement Class members who fail to file and serve timely objections will be deemed to have waived objections to the settlement and will be foreclosed from making objections.  By failing to make timely objections to the settlement, Settlement Class members will also be foreclosed from appealing any aspect of the settlement after the Court's final approval.

7.     During the 45-day opt-out period, the settlement administrator will report weekly to the parties the number of (i) notices of preliminary approval returned as undeliverable and (ii) Settlement Class members who have opted out of the settlement. The settlement administrator will use existing databases in an effort to find Settlement Class members whose notices were not delivered and will make all reasonable efforts to update addresses and re-mail undelivered notices.

8.     If a combined total of 15 or more Settlement Class members properly opt-out of the settlement or submit timely objections, Family Dollar will have the right to withdraw from the Agreement in its entirety and the Agreement

5

will be null and void for all purposes. The right to withdraw can be exercised only by a writing stating that Family Dollar is withdrawing from the Agreement, which is sent to opposing counsel by e-mail and regular U.S. mail, no later than 20 days after the expiration of the opt-out period.

9.     Pursuant to 28 U.S.C. §1715(b), within 10 days after the joint motion for preliminary approval is filed, Family Dollar will serve a notice of the proposed settlement on the appropriate federal and state officials.

D.     Waiver And Release

1.     Plaintiff, on behalf of herself, the Settlement Class (except any Settlement Class member who opts out of the settlement under paragraph IV.C.6.), and their respective heirs, descendants, dependents, executors, successors, assigns, and administrators, fully release and discharge Family Dollar and its previous and present parents, subsidiaries, affiliates, predecessors, successors, representatives, officers, directors, agents, attorneys, accountants, assigns, and employees, in their personal, individual, official, and/or corporate capacities, from any and all claims and rights of any kind that they may have, whether known or unknown, whether contingent or non-contingent, whether specifically asserted or not, arising before the date of the order preliminarily approving the settlement that are based upon the alleged misclassification of current and former Colorado Family Dollar store managers under Colorado law, the Employee Retirement Income Security Act, the Fair Labor Standards Act, and any other local, state, and federal laws, including all wage and hour, common, tort, and contract laws, that were or could have been asserted based upon the alleged facts in the complaint, including, but not limited to, claims for attorney's fees, penalties, interest, liquidated damages, and litigation costs (collectively "Released Claims"). Released Claims will not include claims for retaliation, discrimination, disability, or wage and hour claims unrelated to the alleged misclassification of Colorado store managers.

2.     Nothing in this Agreement will be considered a waiver of any claims by Settlement Class members that may arise after the date the Agreement is preliminarily approved by the Court.

3.     The parties acknowledge that the above waiver and release was separately bargained for and is a material element of the Agreement.

4.     By endorsing the settlement check, Settlement Class members will be deemed to have released their Released Claims. When finally approved by

6

the Court, execution of the Agreement by Class Counsel will effectuate the release provisions herein to which each Settlement Class member is bound, even if each such person does not endorse or negotiate a settlement check.

    E.    <u>Settlement Amounts</u>

    1.    <u>Gross Settlement Amount</u>: In full consideration for the terms, conditions, and promises in this Agreement, Family Dollar agrees to pay a Gross Settlement Amount not to exceed $2,300,000. This sum includes all amounts to be paid by Family Dollar under this Agreement including settlement payments to members of the Settlement Class, attorney's fees, litigation expenses, interest, the employer portion of all payroll taxes, penalties, the enhancement for the plaintiff, and settlement administrator payments and costs. The Gross Settlement Amount is the maximum amount Family Dollar is obligated to pay under the Agreement; in no event will Family Dollar be required to pay more than the Gross Settlement Amount. This is a non-reversionary settlement; there will be no claims process.

    2.    <u>Attorney's Fees and Litigation Expenses</u>: Family Dollar agrees not to oppose a request by Class Counsel for reasonable attorney's fees and litigation expenses in an amount not to exceed $759,000. Class Counsel will not request fees and expenses in excess of this amount. Class Counsel must file their request for fees and expenses on the same day as the parties' joint motion for final approval of the settlement. These amounts will be paid from the Gross Settlement Amount within 15 days after the Effective Date. The settlement is not contingent on approval of the above amounts. Accordingly, even if the Court approves lesser amounts, this Agreement will remain enforceable. Class Counsel will share their request for fees and expenses with counsel for Family Dollar before such request is filed and will consider any proposed changes by Family Dollar.

    3.    <u>Cost of Settlement Administration</u>: An amount not to exceed $24,500 will be paid to the settlement administrator for all services and mailings. This amount will be paid from the Gross Settlement Amount. Class Counsel will pay for any additional settlement administration expenses.

    4.    <u>Class Representative Enhancement</u>: In recognition of her leadership role on behalf of the Settlement Class and time and effort in pursuing this action, the plaintiff will be entitled to an enhancement to be determined by Class Counsel and subject to the Court's final approval. This payment will not exceed $15,000. The enhancement payment will be paid to plaintiff within 15

days after the Effective Date, treated as non-wage income, and included on IRS form 1099 to be issued to plaintiff.

     5.   Employer Payroll Taxes: The employer share of FICA, FUTA, SUTA, Medicare and any other applicable payroll taxes for the payment amounts allocated to Settlement Class members in accordance with paragraph IV.E.7 will be paid from the Gross Settlement Amount.

     6.   Unapproved Amounts: To the extent that the Court approves lesser amounts than provided in this Agreement for attorney's fees and litigation costs and the Class Representative enhancement, the unapproved amounts will be allocated to Settlement Class members on the same pro rata basis as described in paragraph IV.E.7.a. and subtracted from the Gross Settlement Amount as set forth below in paragraph IV.E.8.b.

     7.   Payment Amounts To The Settlement Class Members

     a.   The Gross Settlement Amount, less all amounts required to be paid under paragraphs IV.E.2.-.E.5., will be allocated among the Settlement Class members on a pro rata basis based on the total number of Qualifying Work Weeks for each Settlement Class member during the time period covered by this Agreement. A "Qualifying Work Week" is a work week in which any Settlement Class member worked as a Family Dollar salaried store manager in Colorado for more than 40 recorded hours.

     b.   Family Dollar payroll records will be used to determine the number of work weeks and hours worked. After preliminary approval by the Court, Family Dollar will provide Class Counsel and the settlement administrator with a complete list of Settlement Class members and the number of Qualifying Work Weeks for each individual. The settlement administrator will calculate the amounts to be allocated to each member of the Settlement Class as described in paragraph IV.E.7.a. The parties will confer in good faith to resolve any disputes regarding Qualifying Work Weeks.

     c.   Settlement Class members will be ineligible to receive a payment if they opt-out of the settlement as set forth in paragraph IV.C.5.

     d.   Settlement payments made to individual Settlement Class members will be allocated as follows: 50 percent to wages and 50 percent to interest.

8

e.      The appropriate withholding of federal, state, and local income taxes, each Settlement Class Member's share of FICA, FUTA, SUTA, Medicare, and any other payroll taxes or withholdings, if required, will be made from the settlement payments to each Settlement Class Member. The settlement administrator will be solely responsible for tax withholding determinations and settlement payments. The settlement administrator will also issue IRS form W-2 to each Settlement Class Member at the times and in the manner required by the Internal Revenue Code of 1986 and consistent with this Agreement for the portion of each settlement payment attributable to wages and issue IRS form 1099 for the portion attributable to interest. If the Internal Revenue Code, regulations issued thereunder, or other relevant tax laws change after the Effective Date, the content of this paragraph may be modified to ensure compliance with any such changes. The settlement administrator will be solely responsible for other withholdings, in addition to those referred to above.

f.      Each Settlement Class Member will be responsible for the payment of taxes (federal, state, and local) owed as a result of receiving any consideration under this Agreement.

8.      Final Settlement Amount

a.      Within 10 days after the Effective Date, Family Dollar will send the settlement administrator the Gross Settlement Amount.

b.      The Gross Settlement Amount will be used to make all required payments under this Agreement, including the employer share of payroll taxes. Family Dollar will not be required to pay more than the Gross Settlement Amount under any circumstances.

c.      The parties will treat the Gross Settlement Amount as a "qualified settlement fund" within the meaning of Treas. Reg. section 1.468B-1. In addition, the parties will jointly and timely make the "relation back election" to the earliest permitted date, as provided for in Treas. Reg. section 1.468B-1(j)(2). Such election will be made in compliance with the procedures and requirements contained in such regulations. The settlement administrator will be responsible for properly preparing and delivering the necessary documents for signature by all necessary parties and to make the appropriate filing.

9

       d.    For purposes of Internal Revenue Code of 1986 section 468B and Treas. Reg. section 1.468B-2(k)(3), Class Action Administrators, Inc. will be the qualified settlement administrator and will timely and properly file all information and tax returns necessary or available with respect to the settlement amounts including without limitation the returns described in Treas. Reg. sections 1.468B-2(k)(1) and 1.468B-(2)(l). These tax returns will be consistent with this Agreement and will reflect that all taxes including any estimated taxes, interest, or penalties arising from the income earned by the Gross Settlement Amount will be paid out of the Gross Settlement Amount. All taxes, expenses, and costs incurred relating to the operation and implementation of this paragraph, including, without limitation, any expenses of tax counsel or accountants, mailing costs and expenses relating to the filing or failing to file any returns (hereinafter "tax expenses") will be paid out of the Gross Settlement Amount and income earned on this amount. Tax expenses will be treated as, and considered to be, a cost of administrating the individual settlement amounts and the qualified settlement administrator will be obligated to withhold from individual settlement amounts any funds necessary to pay such taxes and tax expenses and any taxes that may be required to be withheld pursuant to Treas. Reg. section 1.468B-2(l)(2).

       e.    During any period the Gross Settlement Amount is not a qualified settlement fund for tax purposes, the qualified settlement administrator will pay to Family Dollar in a timely fashion from the Gross Settlement Amount sufficient funds to enable it to pay taxes, including any estimated taxes, interest, or penalties on income earned by the Gross Settlement Amount other than interest or penalties incurred by Family Dollar as a result of any action or inaction on the part of Family Dollar that resulted in the Gross Settlement Amount being treated as other than a qualified settlement fund. The parties agree to cooperate with the qualified settlement administrator, each other, their tax attorneys and accountants to the extent necessary to carry out the provisions of paragraphs IV.E.8.c.-.8.e.

F.    <u>Final Approval</u>

       1.    Following the end of the opt-out period, the parties will file a joint motion for final approval of the settlement. To ensure compliance with 28 U.S.C. §1715(d), this motion will be filed no earlier than 55 days after the end of the opt-out period. The parties will take all actions to secure final approval of the Agreement.

10

2.    If this Agreement is not finally approved or is disapproved on appeal, it will be null and void in its entirety, unless expressly agreed to in writing by the parties.

G.    Delivery Of Settlement Checks

1.    The settlement administrator will provide the parties a final list of Settlement Class members who will receive payments within 20 days after the end of the opt-out period The list will include for each member of the Settlement Class their (i) full name, (ii) best address, (iii) social security number, and (iv) pro rata share of the Gross Settlement Amount as determined based on the formula in paragraph IV.E.7.a. above and subject to a potential enhancement under paragraph IV.E.6 above. This information will remain confidential and be disclosed only to the settlement administrator and counsel for the parties, except as may be required by taxing authorities or the Court.

2.    The settlement administrator will mail all settlement checks within 30 days after the Effective Date. For any Settlement Class member whose settlement check is returned as undelivered, the settlement administrator will take reasonable steps to locate the individual and re-mail the check.

3.    The amount of settlement checks that cannot be delivered or are not presented for payment after 180 days of mailing will be transmitted by the settlement administrator to cy pres charitable organizations designated by Family Dollar and plaintiff. The amount transmitted will be divided equally between the organizations designated by Family Dollar and plaintiff.

4.    The settlement administrator will issue an IRS form 1099 for each Settlement Class member showing the amount of interest paid and IRS form W-2 showing the amount of back pay in the year it was paid.

H.    Dismissal Of Action With Prejudice

Plaintiff and Settlement Class members accept the benefits provided herein as consideration for their full release and satisfaction of all claims asserted in this action or covered in this Agreement. Based upon the provisions herein, plaintiff and Settlement Class will dismiss this action with prejudice within three business days after the Effective Date.

I.    Documents

11

1.     To preserve all private and confidential information related to
Family Dollar and Settlement Class members, Class Counsel will, within 90 days
after the Effective Date, destroy or return all the documents exchanged during the
course of the litigation that were subject to the protective order and/or designated
as "Confidential" in this action. If Class Counsel elect to destroy the documents,
they will certify under penalty of perjury that the documents have been destroyed.

2.     Class Counsel will confirm in writing that the obligations set
forth in paragraph IV.I.1. have been completed.

J.     Parties' Authority

1.     The signatories represent that they are fully authorized to enter
into this Agreement and to bind the parties hereto to the terms and conditions of
the Agreement.

2.     The parties acknowledge that throughout negotiations they
have been represented by counsel experienced in wage and hour class litigation
and that this Agreement is made with the consent and approval of counsel who
have prepared the Agreement.

K.     Mutual Full Cooperation

The parties agree to cooperate to implement and effectuate the terms of this
Agreement including executing all necessary documents.

L.     Enforcement Actions

If any party institutes any legal action or other proceeding for the purpose
of enforcing this Agreement against any other party, the unsuccessful party will
pay the successful party reasonable attorney's fees and costs incurred in enforcing
the Agreement.

M.     Limitations On Publicity

1.     The parties and their counsel agree that they will not publicize
this settlement or the events and negotiations surrounding this Agreement in any
way prior to final approval of the Agreement except by joint pleadings filed with
the Court. After final approval of the Agreement, the parties and their counsel
will acknowledge only that the action was resolved on a satisfactory basis. But

the only commentary allowed is set forth in this paragraph except that the parties may communicate regarding the terms of the Agreement with their attorneys, tax advisors, and immediate family members. But nothing in this paragraph prevents Family Dollar from making necessary public disclosures regarding the settlement and discussing the settlement with securities analysts and financial institutions.

        2.     If any party believes a statement violates paragraph IV.M.1, the parties will meet and confer informally in an effort to resolve the dispute. If unable to do so, the dispute will be submitted to the Court for resolution. If the Court decides that a violation has occurred, the decision will be binding and the offending party must immediately refrain from making the statement in question. The prevailing party will be entitled to an award of reasonable attorney's fees and costs.

    N.    <u>Modification</u>

    This Agreement and its exhibits may not be changed, altered, or modified, except in writing signed by the parties, and approved by the Court.

    O.    <u>Entire Agreement</u>

    This Agreement and its exhibits constitute the entire agreement between the parties concerning the subject matter hereof. No extrinsic evidence of any kind will modify or contradict the terms of this Agreement.

    P.    <u>Voiding The Agreement</u>

        1.     Family Dollar may void the agreement under the conditions specified in paragraph IV.C.8.

        2.     In the event this Agreement is not approved by the Court, the Agreement will be null and void in its entirety, unless expressly agreed in writing by all parties.

        3.     Notwithstanding the above paragraph, if the Court rejects any portion of paragraphs IV.M.1. and IV.M.2., the parties agree that such portions will be removed from the Agreement or modified in a manner consistent with the ruling. The enforceability of the remainder of the Agreement will not be affected by such removal or modification.

4.    If judicial approval of the Agreement is otherwise denied, the parties will attempt to reach agreement on provisions rejected by the Court for a period not less than 45 days after the date approval is denied.  The parties will file a joint motion for a stay of the action during the 45-day period.

Q.    Counterparts

This Agreement may be executed in counterparts, and when each party has executed at least one counterpart, the counterpart will be deemed an original, and when considered together, will constitute one Agreement, which will be binding and effective as to all parties.

R.    Miscellaneous

1.    The parties agree to the stay of all proceedings in this action, except as may be necessary to implement the terms of the Agreement, pending final approval of the Agreement.

2.    The District Court for the District of Colorado will maintain jurisdiction in this action to interpret and enforce this Agreement, which will be interpreted under the laws of the state of Colorado.

3.    No party or Settlement Class member will be considered a prevailing party for any purpose.

In witness hereof, the parties' authorized representatives have executed this Agreement below.

Dated:  June 30, 2014

_____
Julie Farley

Dated:  June 30, 2014

_____
Peter Winebrake
Winebrake & Santillo, LLC
for plaintiff and the Settlement Class

14

Dated:  June 30, 2014

Brian D. Gonzales
The Law Offices of Brian D. Gonzales,
PLLC

for plaintiff and the Settlement Class


Dated:  June 30, 2014

Joel M. Cohn
Akin Gump Strauss Hauer & Feld LLP
Counsel for Family Dollar Stores, Inc. and
Family Dollar Stores of Colorado, Inc.


Dated:  ~~June 30,~~ 2014   July 1

John A. Ybarra
Littler Mendelson
Counsel for Family Dollar Stores, Inc. and
Family Dollar Stores of Colorado, Inc.

Exhibit A

## NOTICE OF PROPOSED SETTLEMENT AND RIGHT TO OPT-OUT

*Julie Farley v. Family Dollar Stores, Inc., et al.*, 12-CV-00325-RM-MJW

*A FEDERAL COURT AUTHORIZED THIS NOTICE.  THIS IS NOT A SOLICITATION FROM A LAWYER.*

TO:  [*INSERT CLASS MEMBER'S NAME*]

- **PLEASE READ THIS NOTICE CAREFULLY.  IT TELLS YOU ABOUT THE SETTLEMENT OF A CLASS ACTION LAWSUIT THAT INCLUDES YOU.**

- **YOU ARE ELIGIBLE TO RECEIVE A PRE-TAX PAYMENT FROM THE SETTLEMENT OF THIS LAWSUIT.**

- **IF YOU WISH TO OBJECT TO OR EXCLUDE YOURSELF FROM THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.**

- **IF YOU RECEIVED THIS NOTICE ON BEHALF OF A CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT CLASS MEMBER.**

A proposed settlement has been reached between the parties in this class action pending in the United States District Court for the District of Colorado brought on behalf of all individuals who were employed as salaried Family Dollar store managers in Colorado and worked over 40 hours during at least one workweek between February 7, 2009 and [insert preliminary approval date] (the "Settlement Class").  The federal court has preliminarily approved the settlement.

You are receiving this Notice because you are a member of the Settlement Class.  This Notice informs you of how you can object to the settlement or exclude yourself from the settlement.  If the settlement is finally approved by the Court, you will receive a settlement payment and will be bound by the settlement unless you exclude yourself from the settlement by following the instructions in this Notice.

If the Court finally approves the settlement and you do not exclude yourself from the settlement, you will receive a gross, pre-tax payment of approximately ***$[insert amount]***.

The Court will decide whether to finally approve the settlement during a hearing ("the Fairness Hearing") to be conducted at [insert time] on [insert date] 2014, in Courtroom [insert] of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589.

**What Is The Class Action About?**

This action involves a class of approximately 450 current and former Colorado Family Dollar store managers who were paid a salary, worked more than 40 hours in a week, and did not receive overtime compensation. The action seeks unpaid overtime payments on behalf of these individuals. Family Dollar denies any wrongdoing or liability. The settlement is an effort by both parties to avoid costly litigation. The Court has not decided who is right.

**What Are My Rights?**

You have the following choices:

| | |
|---|---|
| **DO NOTHING AND STAY IN THE SETTLEMENT CLASS** | By doing nothing, you will remain in the Settlement Class and you will receive a settlement payment. You will be legally bound by all orders and judgments entered by the Court, and will not be able to sue, or continue to sue, Family Dollar in any lawsuit relating to the alleged misclassification of Colorado store managers as overtime-exempt during the time period covered by the settlement. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS**<br><br>**Postmark Deadline: [45 days after Notice mailed]** | You may exclude yourself from of the Settlement Class. If you exclude yourself, you will receive no benefits or payment, you will not give up any legal claims you may have against Family Dollar, and you will not be bound by any orders or judgments of the Court. To exclude yourself from the settlement, you must send a letter stating that you want to exclude yourself from the Settlement Class. This letter must include your name, address, telephone number, and the last four digits of your social security number. The letter must be mailed to the following address: to Family Dollar CO Store Manager Settlement, c/o Class Action Administration, Inc., 10875 Dover Street, Suite 300, Westminster, CO 80021. To be valid, the letter must be postmarked by [insert date]. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT**<br><br>**Postmark Deadline: [45 days after Notice mailed]** | You may object to the settlement. If you object and the Court finally approves the settlement, you will remain in the Settlement Class, receive a settlement payment, be legally bound by all orders and judgments entered by the Court, and will not be able to sue, or continue to sue, Family Dollar in any lawsuit relating to the alleged misclassification of Colorado store managers as overtime-exempt during the time period covered by the settlement. To object to the settlement, you must send a letter describing the reasons for your objection. This letter must include your name, address, telephone number, and the last four digits of your social security number. The letter must be mailed to the following address: to Family Dollar CO Store Manager Settlement, c/o Class Action Administration, Inc., 10875 Dover Street, Suite 300, Westminster, CO 80021. To be valid, the letter must be postmarked by [insert date]. Finally, if you object to the settlement, you are entitled to appear at that Fairness Hearing and will be provided with an opportunity to further explain the basis for your objection to the Court. |

**Do I Have A Lawyer In The Lawsuit?**

The Court has appointed the following attorneys ("Class Counsel") to represent you and other members of the Settlement Class:

| | |
|---|---|
| Peter Winebrake, Esq. | Brian D. Gonzales, Esq. |
| Winebrake & Santillo, LLC | The Law Offices of Brian D. Gonzales, PLLC |
| 715 Twining Road, Suite 211 | 123 North College Avenue, Suite 200 |
| Dresher, PA  19025 | Fort Collins, CO  80524 |
| Phone:  (215) 884-2491 | Phone:  (970) 212-4665 |
| Email:  pwinebrake@winebrakelaw.com | Email:  bgonzales@coloradotriallaw.com |

You will *not* be required to pay the above attorneys from your settlement payment.  These attorneys, who have been working on this lawsuit for almost three years, will submit a motion requesting that the Court award them $759,000 (which equals 33% of the Gross Settlement Amount of $2,300,000) for their accumulated attorney's fees and out-of-pocket expenses.

If you want your own lawyer, you may hire one at your own expense.  If you do so, your lawyer must file an appearance in the action.

**What Will I Receive From the Settlement?**

The Gross Settlement Amount is $2,300,000.  This is the maximum amount that Family Dollar is obligated to pay under the settlement.  This amount consists of (i) up to $759,000 for attorney's fees and litigation costs, (iii) up to $15,000 for the named plaintiff, (iv) up to $24,500 for the Settlement Administrator, and (vi) $1,501,500 to compensate Settlement Class members who do not exclude themselves from the settlement.  This $1,501,500 amount includes all payroll taxes and withholdings, including Family Dollar's share of such taxes and withholdings.

Your individual payment amount is based on the total number of workweeks you worked more than 40 hours as a salaried Colorado store manager during the time period between February 7, 2009 and [insert date of preliminary approval order].  Such weeks are referred to as Qualifying Work Weeks, and your individual Qualifying Work Weeks total [insert].  Your individual settlement payment amount is calculated by taking your [insert] Qualifying Work Weeks and dividing this number by [insert], which is the total number of Qualifying Work Weeks for all members of the Settlement Class.

**What Do I Give Up As A Result Of The Settlement?**

In consideration for your eligibility to receive your settlement payment, you will be releasing Family Dollar Stores, Inc., Family Dollar Stores of Colorado, Inc., and their affiliates and subsidiaries from any liability for claims under the Colorado Minimum Wage Order and any other federal or state wage and hour-related claims relating to the alleged misclassification of Colorado store managers as overtime-exempt from February 7, 2009 to [insert preliminary approval date].

3

**When Will The Court Decide Whether To Give Final Approval To The Settlement?**

The Court will hold the Fairness Hearing at [insert time] on [insert date] 2014, in Courtroom [insert] of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589.  At this time, the Court will review the papers submitted by the parties and any objectors, and hear any properly noticed witnesses.  The Court will decide either at or after the fairness hearing whether to grant final approval of the settlement, and will issue a written order of its decision.

**May I Attend The Fairness Hearing?**

Yes, any Settlement Class member may attend the hearing.  If you object to the settlement, you may submit your objections, as detailed above, along with any supporting documents, and declare your intent to appear at the fairness hearing, either personally or through an attorney.

**What Happens If The Court Does Not Give Final Approval?**

If the Court denies the parties' request for final approval of the Settlement Agreement, no payments will be made under the settlement and this action will revert to its status immediately prior to the execution of the Settlement Agreement.

**If The Settlement Is Approved, When Will I Receive My Settlement Check?**

If the Court grants final approval, the Settlement Agreement will become effective after expiration of the time for all appeals of the Court's final approval order or, if an appeal is filed, a final determination that the settlement should be approved.  If you are eligible for an individual settlement amount, it will be distributed to you within 30 days after the settlement becomes effective.

**How Will My Settlement Amount Be Distributed To Me?**

If you are eligible for a settlement payment, the settlement administrator will send you two checks.  50 percent of your settlement amount will be allocated to back pay and this portion will be subject to withholding of federal, state, and local income and payroll taxes, as well as any other required withholdings such as garnishments.  You will receive an IRS Form W-2 for this payment from the settlement fund.  The remaining 50 percent of your settlement amount will be for non-wages (interest) and will not be subject to any payroll or income tax withholding unless you are subject to backup withholding or other required withholdings.  Only 50 percent of your settlement monies received as a result of this settlement will be taxed as wages.  Taxes will not be withheld by Family Dollar from the remaining portion.  You will receive an IRS Form 1099 for this second amount.  The employer's share of taxes will also be paid from the Gross Settlement Amount.

**Who Is Responsible For Paying The Taxes On My Settlement Amount?**

You are solely responsible for paying taxes based on your receipt of a settlement payment. Neither your attorneys nor Family Dollar's attorneys can provide any advice about such tax payments.  You should consult your tax advisor if you have questions about the tax consequences of your individual settlement payments.

**How Can I Get a Copy of the Settlement Agreement and the Court's Preliminary Approval Order?**

This Notice is a summary of your legal rights.  These documents and all other pleadings and records in this lawsuit may be examined at any time during regular business hours in the Clerk's Office of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294-3589.

**What If I Have Questions About This Notice Or My Individual Settlement Amount?**

The settlement is being administered by Class Action Administrators, Inc., which is located at 10875 Dover Street, Suite 300, Westminster, CO 80021.  If you have questions concerning the settlement, you may call the Administrator at:  (720) 540-4422.

In addition, you should not hesitate to call one of the attorneys serving as Class Counsel if you wish to discuss the settlement.  These attorneys' phone numbers are listed at page 3 above.

***You should not contact the Court if you have questions about the settlement or this Notice.***