**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-00325-RM-MJW

JULIE FARLEY, on behalf of herself and all similarly situated persons,

    Plaintiff,

v.

FAMILY DOLLAR STORES, INC., and
FAMILY DOLLAR STORES OF COLORADO, INC.,

    Defendants.

___

**ORDER GRANTING:
(1) UNOPPOSED MOTION FOR APPROVAL OF ATTORNEY'S FEES
AND COSTS (ECF NO. 130); AND
(2) JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
(ECF NO. 131)**

___

Plaintiff, for herself and on behalf of Defendants' other Colorado "Store Managers," filed this Rule 23, Fed. R. Civ. P., class action complaint alleging Defendants improperly misclassified the Store Managers as exempt from overtime pay under Colorado law and, therefore, improperly denied them overtime pay. Plaintiff's claims are brought under the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, and for breach of contract. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). The parties have resolved this action and now seek approval of their settlement through the Joint Motion for Approval of Settlement Agreement (ECF No. 131) and related Plaintiff's Unopposed Motion for Final Approval of Attorney's Fees and Costs (ECF No. 130). Based on the papers filed and representations of counsel, and on the bases stated herein, the Court finds the requested attorney's fees and costs

are reasonable, and the settlement is fair, adequate and reasonable. Accordingly, the motions are approved and granted.

## I. BACKGROUND

### A. Procedural History

Defendants operate a chain of discount retail stores in which Plaintiff was a Store Manager. Plaintiff claimed that she and other Store Managers were or are salaried employees who regularly worked in excess of twelve hours a day or forty hours per week with no overtime pay because Defendants improperly considered Store Managers to be overtime-exempt executives/supervisors. Defendants denied liability. Plaintiff sought compensation, attorney's fees, costs, statutory penalties and/or liquidated damages, and/or prejudgment interest. The parties disputed the proper method to calculate overtime damages, if any, that were due.

By Order dated February 11, 2013, the Honorable R. Brooke Jackson, before whom the case was then pending, eliminated all claims from the period prior to February 7, 2009. (ECF No. 36.) Over Defendants' objections, Judge Jackson granted class certification. Defendants' petition for leave to appeal the class certification decision was denied by the United States Court of Appeals for the Tenth Circuit. The parties thereafter engaged in motions practice and extensive discovery, and, ultimately, with the assistance of an experienced mediator, agreed to settle their dispute.

### B. The Settlement Agreement, Plan of Allocation, and Preliminary Approval

Under the Settlement Agreement, Defendants are required to pay $2.3 Million as the settlement amount. The settlement is non-reversionary. All required payments are to be paid from this settlement fund, including an enhancement to Ms. Farley of $15,000.00; attorney's fees

and costs to Class Counsel of $759,000.00 (33% of the $2.3 Million); and the settlement administrator's fee of $24,500.00. The balance of $1,501,500.00 would be divided among Class Members, including Ms. Farley, per an agreed formula.

The parties requested the Court to preliminarily approve the Settlement Agreement, approve the proposed Notice of settlement to Class Members, and schedule a Fairness Hearing. On July 16, 2014, the Court held a hearing on the parties' request, and, after discussion, ordered certain modifications be made to the proposed Notice. Thereafter, by Order dated July 21, 2014, the Court preliminarily approved the parties' proposed Settlement Agreement, approved the Notice (with modifications), and set the Fairness Hearing.

      C.      **Notice, Objections, and Fairness Hearing**

On August 25, 2014, Notices were mailed to 490 Class Members. (ECF Nos. 131-1, 131-2.) Those Notices advised the Class Members of the proposed settlement, including how the proposed gross settlement amount would be distributed and Class Counsel's intent to request an award of $759,000 in attorney's fees and costs; their rights, including the right to be excluded from or to file objections to the Settlement Agreement; and the date and place of the Fairness Hearing. (ECF Nos. 131-1, 131-2.) As of October 9, 2014, the deadline for any Class Member to be excluded from or to object to the settlement, two members had opted out but no member had objected. (ECF Nos. 131-1, 131-3.)

On October 10, 2014, Ms. Farley filed the Unopposed Motion for Approval of Attorney's Fees and Costs, and, on October 15, 2014, the parties filed the Joint Motion for Final Approval of Settlement Agreement.

On October 24, 2014, the Court conducted a fairness hearing to determine if the proposed Settlement Agreement was fair, reasonable and adequate. Counsel for the parties were present and represented that the agreement was reached after substantial litigation of the disputed issues and reiterated that the settlement was not objected to by any Class Member. Counsel also confirmed the $2.3 Million settlement funds would be distributed as originally proposed. Defendants were granted time to advise the Court if they disagreed with Plaintiff's representation of the differences in the Class Members' payouts if the settlement is approved versus if they were to prevail in this action on the merits. Defendants have not submitted any information for the Court's consideration and the time for Defendants to do so has passed.

## II. ANALYSIS

### A.   The Fairness of the Settlement

A class action settlement may be approved only after hearing and on a finding that it is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). The approval of a class action settlement is committed to the sound discretion of the trial court. *Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993), *overruled in part on other grounds, Devlin v. Scardelletti*, 531 U.S. 1 (2002). In assessing whether a proposed settlement is fair, reasonable and adequate, the Court considers these four factors: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

In evaluating the fairness of settlements, courts should not decide the merits of the lawsuit or substitute its own judgment for that of the parties. *Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *Wilkerson v. Marin Marietta Corp.*, 171 F.R.D. 271, 284 (D. Colo. 1997); *Belote v. Rivet Software, Inc.*, No. 12-cv-02792, 2014 WL 3906205, at * 4 (D. Colo. Aug. 11, 2014). However, "the district court must independently analyze the evidence before it in making its determination; it may not rely solely upon the assertions of the proponents of the settlement as to what the evidence shows." *Gottlieb*, 11 F.3d at 1015 (italics omitted). Settlements in class actions are generally favored. William B. Rubenstein, 4 *Newberg on Class Actions* § 13:44 (5th ed. 2014).

The parties have represented the agreement is fair, reasonable, and adequate. Based on an independent analysis of the record under the applicable law, the Court agrees. First, the Court finds the proposed settlement was fairly and honestly negotiated. The parties extensively litigated this action, engaging in motions practice and comprehensive discovery, before commencing settlement discussions. The lawyers are experienced attorneys who conducted negotiations with the assistance of a knowledgeable and qualified employment mediator before reaching the terms of the settlement. There is no evidence that the agreement was a product of collusion or coercion. As such, the first factor is satisfied.

Next, the Court finds there are serious questions of law and fact at issue, placing the ultimate outcome of the litigation in doubt. There are risks in determining liability. Plaintiff argued that Defendants violated the Colorado wage laws and implied contracts by improperly misclassifying her and other Store Managers at the Colorado stores. Defendants, however, asserted Plaintiff was properly classified as an exempt executive/supervisor, denied that any

contract existed between the parties, and moved for summary judgment.  There are also uncertainties as to damages, as the parties disputed whether the half-time or "time-and-a-half" overtime method of damages applied.  Finally, Defendants vigorously disputed the class of store managers was appropriate for certification, asserting the status of each store manager must be analyzed on a case-by-case basis.  Defendants moved to decertify the class.  In light of the foregoing, the ultimate outcome as to liability and damages should this matter be litigated further is uncertain.  Accordingly, the second factor is also met.

On the third factor, the Court finds the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.  Here, the settlement provides the Class Members with a certainty of approximately $1.5 Million in payment now, as compared with the uncertainty of whether they will receive any payment after additional litigation of this case on its merits.  Based on the parties' representation that the Colorado Division of Labor ("CDOL") would have calculated damages at approximately $2.975 Million, the Class Members would be receiving a little over fifty-percent (50%) of this amount under the settlement.  Of course, CDOL's calculation assumes it would have been fully successful, an outcome of significant uncertainty in light of the pending motions and contested issues.  As such, the third factor is also met.

Finally, the fourth factor considers the judgment of the parties that the settlement is fair and reasonable.  "'Counsels' judgment as to the fairness of the agreement is entitled to considerable weight.'"  *Lucas v. Kmart Corp.*, 234 F.R.D. 688, 695 (D. Colo. 2006) (quoting *Marcus v. Kansas Dept. of Revenue*, 209 F. Supp. 2d 1179, 1183 (D. Kan. 2002)).  And, as

previously stated, this Court should not substitute its own judgment for that of the parties. On this record, the Court finds this factor is also met.

In making its findings, the Court also considered the fact that no Class Member objected to the settlement, and evaluated the reasonableness of the proposed reductions to the settlement fund. The Court finds the enhancement to be paid to Ms. Farley, in addition to her share of the net proceeds as a Class Member, while on the high side, is nonetheless appropriate and reasonable in light of her role as sole Plaintiff and representative for more than two-and-a-half years. In addition, the Court finds the payment to the claims administrator is also reasonable and necessary. Finally, as discussed below, the reduction for payment to Class Counsel is reasonable.

> **B.** **The Requested Attorney's Fees and Costs**

In connection with the $2.3 Million settlement, Plaintiff requests an award of $759,000.00 (33% of the $2.3 Million) to be paid to Class Counsel from the settlement fund, consisting of $698,049.32 (30.3%) in attorney's fees and $60,950.68 in costs. Plaintiff's request is made pursuant to C.R.S. § 8-4-110 and the equitable common fund doctrine.

Under C.R.S. § 8-4-110, reasonable costs and attorney fees may be awarded where, among other things, the employee recovers a sum greater than "the amount tendered by the employer." Without evidentiary support as to what amount, if any, was tendered by the employer, Plaintiff argues that "it is undisputed that [Class Members]" will receive in settlement a greater amount. In the absence of such evidence, however, the Court finds an award under this statute is inappropriate.

7

An award is appropriate, however, under the equitable common fund doctrine. In this case, the settlement created a "common fund" from which the Class Members obtained a benefit. The Tenth Circuit has recognized that attorney's fees may appropriately be awarded from that fund. *Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994). In determining attorney's fees in common fund cases, the "hybrid" approach is used which combines the percentage of the fund method with the twelve factors originally developed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are: "the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases. . . . [T]he weight given to different factors may vary in common fund, as opposed to statutory fee shifting cases." *Gottlieb*, 43 F.3d at 482 n.4 (internal citation omitted). The trial judge may exercise its judgment in assigning different relative weights to the factors, and may determine one factor is not applicable or give greater weight to one factor over another, where the bases for doing so are clearly reflected in the record. *Brown v. Phillips Petro. Co.,* 838 F.2d at 451, 456 (10th Cir. 1988).

In this case, Class Counsel's requested fee recovery constitutes 30.3% of the total settlement, and requested fee and cost recovery constitutes 33% of the total settlement. These percentages fall within the range of what is reasonable in this District. *See, e.g., Whittington v.*

*Taco Bell of Am., Inc.*, No. 10-cv-01884, 2013 WL 6022972, at * 6 (D. Colo. Nov. 13, 2013) (finding attorney's fees and costs of 39% of total recovery within the normal range, and attorney's fees of 33% of total recovery "not unreasonable"); *Lucken Family Ltd. Partnership, LLLP v. Ultra Resources, Inc.*, No. 09-cv-01543, 2010 WL 5387559, at *5 (D. Colo. Dec. 22, 2010) ("The customary fee awarded to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class."). The reasonableness of the fees requested is supported by an analysis of the twelve *Johnson* factors.

1. **Time and Labor Involved**

Class Counsel and their staff have expended a total of 1,588 hours in prosecution of this action. Their work includes researching and preparing pleadings, briefs and other papers filed in this action; engaging in extensive discovery, including reviewing documents and taking and defending depositions; and participating in mediation and post-mediation activities. These facts supports Class Counsel's request.

2. **Novelty and Difficulty of the Question Presented**

Class Counsel was faced with difficult and highly contested legal and factual questions regarding not only whether the Store Managers were exempt from overtime pay but also the propriety of the class certification. As such, this factor also supports the proposed fee award.

3. **Skill Required to Perform the Legal Service Properly, and Experience, Reputation and Ability of Class Counsel**

Class action overtime cases involve a specialized area of the law which is often complex and difficult, where some degree of extra skill is needed to litigate the cases properly. *See Whittington*, 2013 WL 6022972, at *6. And, as supported by Class Counsel's declarations, they

9

have the requisite skill and experience to perform the legal services required in this case. Accordingly, these two factors weigh in favor of the requested award.

### 4. Preclusion of Other Employment

Class Counsel's declarations indicate they were still able to engage in other wage/overtime law cases while handling this case. Nonetheless, the Court recognizes the preclusion of at least some other work inherent in litigating class actions on behalf of a large number of workers seeking overtime compensation. *See Whittington*, 2013 WL 6022972, at *6. As such, this factor affords some weight in favor of the fees requested.

### 5. Customary Fee, Whether the Fee is Fixed or Contingent, and Awards in Similar Cases

Typically, the customary fee award is derived from utilizing the percentage method in common fund cases. *See Gottlieb*, 43 F.3d at 482 (recognizing, in 1994, the trend in utilizing the percentage of the fund method). And, in this case, Class Counsel represented Plaintiff on a contingency basis, bearing the risk of no recovery after expending what would have been more than three years prosecuting this case had it been fully litigated. As discussed above, the requested fee award is about 30% of the settlement fund, within the range of awards in similar cases. The Court is not required to reduce the calculation of a reasonable fee to a mathematical precision. *See Johnson*, 488 F.2d at 720. Therefore, the Court finds these three factors weigh in favor of the fee award.

### 6. Time Limitations, and the Nature and Length of the Professional Relationship

Class Counsel represents time limitations were not at issue. In addition, Class Counsel states that it is unlikely that many Class Members will be seeking additional representation from

Class Counsel, in light of the nature of this case. In this case, the Court finds these two factors are inapplicable.

### 7. Amount Involved and Results Obtained

The Court finds the $2.3 Million settlement reflects a significant recovery on behalf of the class, especially in light of the pending motions for summary judgment and for class decertification. Accordingly, this factor supports the requested fee award.

### 8. "Undesirability" of the Case

In this case, the Class Members were not highly paid employees and ordinarily may not have the means to individually hire counsel on an hourly basis, rendering litigation of a class action through a contingency fee arrangement as the only effective means to address their claims. By their nature, class actions require counsel to expend substantial time and effort with no guarantee of success. The Court finds this factor weighs in favor of the fee request.

### 9. Other Considerations

The Court also considered the fact that the Class Members were advised of the fees and costs request in the Notice but no one objected. In summary, upon considering and weighing the factors under the facts and circumstances of this case, the Court finds that the requested amount of attorney's fees is reasonable. The Court also finds that costs incurred in prosecution should be awarded.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. That Plaintiff's Unopposed Motion for Approval of Attorney's Fees and Costs (ECF No. 130) is **GRANTED**;

2. That the parties' Joint Motion for Approval of Settlement Agreement (ECF No. 131) is **GRANTED**. The Court approves the settlement with a gross settlement amount of $2,300,000.00, with payments of (1) attorney's fees and costs in the amount of $698,049.32 in fees and $60,950.68 in costs; (2) the settlement administrator costs of $24,500.00; (3) an enhancement to Plaintiff Julie Farley in the amount of $15,000.00; and (4) the balance of $1,501,500.00 to be distributed to the 488 Class Members (who did not opt-out of the settlement) in accordance with the terms of the Settlement Agreement;

3. That the claims of all Class Members who did not opt-out of the settlement are **DISMISSED WITH PREJUDICE**;

4. That all pending motions in this case are **MOOT**; and

5. That this case is **DISMISSED** and the Clerk of the Court is directed to close this case.

DATED this 30th day of October, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge